# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PHIL MICHAEL RICHARD**<br>**# 536508** | : | **DOCKET NO. 2:16-cv-0435** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **STATE OF LOUISIANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by pro se plaintiff Phil Michael Richard ("Richard") on March 31, 2016. Doc. 3; Doc. 1, att. 1, p.1. The incident arises from an alleged miscalculation of the petitioner's time served. Doc. 1, p.1. The petitioner is in custody of the Louisiana Department of Public Safety and Corrections at the Calcasieu Parish Correctional Center in Lake Charles, Louisiana. Doc. 1.

## I.
### BACKGROUND

Upon review of the petition this court held that the petitioner's suit was improper due to the absence of either the $5 filing fee required for petitions for writs of habeas corpus or a completed application to proceed *in forma pauperis* and the plaintiff failed to submit the petition on approved forms. Doc. 3. We ordered the plaintiff to amend the petition in compliance with the standards set forth in the ruling and within a 30 day time period. *Id.* The deadline to comply with the court's order was May 9, 2016. *Id.*

Since the ruling by this court to amend the pleadings, the petitioner has yet to communicate with the court and neither are there any items on the record to demonstrate plaintiff's compliance with the order.

## II.
### LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows the court to dismiss a claim for failure to comply with a court order. Further, the ability of the court to dismiss a claim *sua sponte* is an inherent power of the Court to prevent "undue delays in the disposition in pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388 – 89 (1962). The authority of the courts to dismiss stagnant claims derives from a necessity to prevent congestion in the docket and allow for the expeditious review of cases. *Id.* at 1389. Petitioner Richard failed to comply with the court's order by not amending his petition within the 30 day time period allotted to do so, nor has he communicated in any way with the court in regard to the petition. Doc. 3.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Richard's claim be **DISMISSED WITH PREJUDICE** in compliance with Fed. R. Civ. P. 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 22nd day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE